FILED
2026 May-26 PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

4:23-cr-00383-CLM-NAD-8

UNITED STATES OF AMERICA,
Plaintiff,
vs.

CK CHIKONG TRAN,
Defendant.

---

# OFFICIAL TRANSCRIPT OF CHANGE OF PLEA HEARING

ANNISTON, ALABAMA
NOVEMBER 22, 2024

BEFORE THE HONORABLE COREY L. MAZE
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES:
JOHN HUNDSCHEID
U.S. Attorney's Office
400 Meridian Street
Suite 304
Huntsville, Alabama 35801

FOR THE DEFENDANT:
ALISON WALLACE
Attorney at Law
P.O.Box 36926
Hoover, Alabama 35236

COURT REPORTER:
Carrie M. Robinson, RMR, CRR, CRI
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama 35203
(205)278-2063

(Proceedings recorded by mechanical stenography. Transcript produced by computer-aided transcription.)

P R O C E E D I N G S

November 22, 2024 1:53 p.m.

THE COURT: All right. Let's go on the record. This is Case 4-23-323, United States versus CK Tran. Mr. Tran is here with us today.

Who is here on behalf of the defendant?

MS. WALLACE: Alison Wallace here for Mr. Tran.

THE COURT: Good morning, Ms. Wallace.

And for the government?

MR. HUNDSCHEID: John Hundscheid, Your Honor.

THE COURT: Good morning, Mr. Hundscheid.

All right. The indictment in this case alleges one count of conspiracy to commit wire and mail fraud. Mr. Tran has indicated he would like to withdraw his earlier plea of not guilty and plead guilty to that charge.

Mr. Tran, you are allowed to plead guilty to that charge today, but before I can accept that guilty plea, there are certain questions I have to ask you. And before I can ask you questions, you are going to have to be placed under oath.

Just remember, once you are under oath, give me full, complete, and accurate answers, particularly accurate or truthful, because testifying falsely under oath can lead to perjury charges. Understood?

THE DEFENDANT: Yeah, I do.

THE COURT: All right. At this time, Ms. Ana, who

is my deputy, is going to ask you to stand and administer the oath.

(Defendant sworn)

COURTROOM DEPUTY: Thank you. You can be seated.

THE COURT: All right. A couple of things before we go forward, Mr. Tran. I am not going to make you stand up anymore. It is easier because otherwise you would be up and down the whole day. Just make sure you talk into the microphone loudly because Ms. Carrie, our court reporter, has to record what you are doing, so it is most important that she hears you.

The other thing is, if there's anything that we go over today that you don't understand or you just have questions for Ms. Wallace and you just need to talk to her, let us know, and we will make sure that happens, okay?

THE DEFENDANT: Okay.

THE COURT: All right. So, again, these are very basic questions, but they are required for me to get on the record.

The first question is: What day were you born?

THE DEFENDANT: December 18, 1994.

THE COURT: All right. Where was the last place you went to school?

THE DEFENDANT: Manhattan College in the Bronx.

THE COURT: What did you study there?

THE DEFENDANT: Computer science and then business.

THE COURT: All right. Did you get a degree?

THE DEFENDANT: No, I didn't.

THE COURT: Okay. Where was the last place you worked, or where do you currently work?

THE DEFENDANT: I work for an online digital marketing business where they sell mentorship offers for running an Amazon business online.

THE COURT: All right. Have you had any alcohol in the last 48 hours?

THE DEFENDANT: No.

THE COURT: Any kind of drugs, whether it is prescription or otherwise?

THE DEFENDANT: No.

THE COURT: All right. So the reason I ask you is there are some documents I am going to need you to take a look at just to make sure you understand them. And I know this sounds silly, but obviously you speak English. Do you also read and write in English?

THE DEFENDANT: Yeah, I do.

THE COURT: And, again, the reason is, is because all of the documents are in English, and I just need to make sure you are able to understand them.

The first one is -- Ms. Wallace, have you got the Guilty Plea Advice of Rights Certification?

MS. WALLACE: Yes, Your Honor. It's in front of him.

THE COURT: And you can stay seated as well.

Mr. Tran, that document generally tells you certain rights that you are waiving if you plead guilty.

Did you read that before the hearing today?

THE DEFENDANT: Yes, I did.

THE COURT: Do you feel like you understand all of the contents of that document?

THE DEFENDANT: Yeah, I do.

THE COURT: And you put initials out to the side of each line.

Did you put the initials there?

THE DEFENDANT: Yeah, I did.

THE COURT: And then at the back, you signed the document. Is that your signature?

THE DEFENDANT: Yeah, it is.

THE COURT: Okay. Now, let's move to -- I believe there are two plea agreement documents. Is that right, Ms. Wallace?

MS. WALLACE: There are, Your Honor.

THE COURT: All right. Let's take a look at the first one, the general plea agreement.

All right. Mr. Tran, did you have a chance to look at that plea agreement before the hearing today?

THE DEFENDANT: Yeah, I did.

THE COURT: Okay. And did you have a chance to talk to Ms. Wallace about it?

THE DEFENDANT: I did, yes.

THE COURT: Do you feel like you understand what the terms and the contents of that document are?

THE DEFENDANT: Yeah, I do.

THE COURT: Okay. You signed that one -- well, first of all, you initialed the bottom right of each page. Are those your initials on that document?

THE DEFENDANT: Yeah, they are.

THE COURT: Okay. All right. You signed it three times. The first is page 13 up towards the top. I just need to make sure that page 13 is your signature.

THE DEFENDANT: Yeah, it was. Yeah.

THE COURT: Okay. Next is page 16. And you signed page 16. Is that your signature?

THE DEFENDANT: I am checking page 16. Give me a second.

THE COURT: Okay.

(Brief pause)

THE DEFENDANT: Yeah, it is.

THE COURT: Okay. Let me explain a little about that one and just make sure. That signature comes after a section in which you waived the right to challenge your

conviction if you plead guilty. In other words, you could not take an appeal or file a petition later to challenge your conviction.

Do you understand that?

THE DEFENDANT: Yeah, I do.

THE COURT: Okay. Finally, page 22. Did you sign page 22?

THE DEFENDANT: Yeah.

THE COURT: Okay. Next, let's take a look at the plea agreement supplement. It is a separate document.

Have you had a chance to look through that document?

THE DEFENDANT: I did, yes.

THE COURT: Okay. Do you feel like you understand the terms of that agreement?

THE DEFENDANT: I believe so, yeah.

THE COURT: Okay. And then you signed it or your signature is on page 4. I just need to make sure that you are the person who signed it.

THE DEFENDANT: Yeah, I did.

THE COURT: Okay. Finally, let's take a look at the indictment, and the indictment is the document that tells you what the government has charged you with.

Did you have a chance to read through that indictment before today?

THE DEFENDANT: I did, yes.

THE COURT: And you had a chance to talk to Ms. Wallace about what that charge was and any defense you might have to it?

THE DEFENDANT: Yes.

THE COURT: All right. Ms. Wallace, do you feel like you have had an adequate amount of time to look into that charge and any defense Mr. Tran might have had to it?

MS. WALLACE: Yes, Your Honor.

THE COURT: Do you feel comfortable that he understands what the charge is against him?

MS. WALLACE: I do.

THE COURT: All right. Mr. Tran, are you satisfied with the representation and advice Ms. Wallace has given you so far?

THE DEFENDANT: Yeah.

THE COURT: Okay. So now what I need to do is go over certain rights with you that we just need to make sure you understand. These are going to be pretty repetitive of that first document, but it is necessary that I go over them with you verbally today and that we understand -- that you understand what they are.

The first is: You are presumed to be not guilty of the charge in the indictment, and that presumption means you are not going to be convicted unless you either plead guilty or you go to trial and a jury finds you guilty.

You do have the right to stand on your earlier plea of not guilty; and if you do that, I would bring in a jury, and that jury would determine whether the government could prove that charge beyond a reasonable doubt.

If we did have a trial in this case, you would not be convicted unless the government proved all of the necessary facts of that charge beyond a reasonable doubt.

Before, during, and after any trial, you would have the right to have an attorney, and that attorney would have to be constitutionally adequate.

If you chose to go to trial, the government will call its witnesses, and you would have the right to confront those witnesses. That simply means your attorney would get to ask the government's witnesses questions. Those questions could be relevant to the charge against you, relevant to any defense you have to that charge, or they could be questions that help the jury determine whether the government's witness is credible or not. You would have the right to present your own evidence and the right to call your own witnesses, and you could use the Court's subpoena power to bring those witnesses to court.

You would also have the right to choose whether or not you testify. Now, I mean "choose" just the way it sounds. If you went to trial, nobody can make you testify -- not your attorney, not the government's attorney, not even me. If you

go to trial, the choice of whether you testify would be left solely up to you.

If you did choose to testify, you would be put under oath. The only difference between that and today is rather than me asking the questions, it would be the attorneys for both sides. If you do choose to plead guilty, you waive the right not to testify, and as you have already done, you would be placed under oath, and you would have to answer my questions truthfully.

So let me just briefly summarize what we went over just to make sure that we have it clear. If you do plead guilty today, you give up the presumption that you are not guilty of the charge in that indictment. You give up the right to make the government prove that case beyond a reasonable doubt. You give up the right to a trial by jury. You give up the right to confront and cross-examine the government's witnesses. You give up the right to present your own evidence and call your own witnesses and use the Court's subpoena power to bring witnesses on your behalf, and you give up the right to refuse to testify. You do not, however, give up the right to an attorney. In other words, if you do choose to plead guilty today, you will still have an attorney going forward. If you plead guilty, you will be considered guilty exactly the same as if we went to a trial and a jury found you guilty.

Do you understand those rights?

THE DEFENDANT: Yeah, I do.

THE COURT: Very good. So as we talked about earlier, there is one count in the indictment. That count is conspiring to commit wire and mail fraud, which is considered a felony. If you do plead guilty to a felony or are found guilty of that felony, you could lose certain valuable civil rights such as the right to vote, the right to serve on a jury, the right to run for public office, and the right to possess a firearm.

Also, if it is determined that you are not a citizen of the United States, you could be subject to deportation if you plead guilty, and that would be whether or not you are in the United States legally or illegally.

Now, as I said a few minutes ago, before you could be found guilty of the charge, the government would have to prove beyond a reasonable doubt all of the essential elements of that charge. That simply means all of the facts that are necessary, the government would have to prove them at trial.

So what I am going to do now is go over the facts that the government would have to prove beyond a reasonable doubt.

First, the government would have to know that you knowingly conspired and agreed with others to devise or participate in a scheme to defraud or to obtain money or

property by using false pretenses, representations, or promises about a material fact; second, that you acted with the intent to defraud; and third, that you or another member of the conspiracy either transmitted or caused to be transmitted by wire, radio, or television some communication in interstate commerce to help carry out the scheme to defraud -- that's what we call wire fraud -- or you placed into any post office or authorized depository for mail matter any matter or thing to be sent or delivered by the post office to help carry out the scheme to defraud, which is what we call "mail fraud."

If you do plead guilty and are convicted of that crime, the statutory range of punishment is a prison term of not more than 20 years, a fine of not more than $250,000. You could get the fine plus the prison term. If you are given a prison term, you could be put on supervised release after that prison term ends for not more than three years, and you would have to pay a special fee of $100.

Before we go any further, Mr. Hundscheid, is there any other consequence of pleading guilty that I have missed, things like restitution, forfeiture? What else is there?

MR. HUNDSCHEID: Your Honor, restitution is a mandatory component of this case.

THE COURT: Okay.

MR. HUNDSCHEID: I am not aware of any restitution

requests that have been submitted to our office or to probation at this point, and the defendant hasn't agreed to pay a particular amount of restitution.

THE COURT: Okay.

MR. HUNDSCHEID: But restitution could be an issue at sentencing.

THE COURT: All right. Mr. Tran, do you understand that in addition to those -- the statutory range of punishment I went over, it is possible that you would have to pay some amount of restitution if you plead guilty?

THE DEFENDANT: Yeah, I am aware.

THE COURT: Okay. All right. Mr. Hundscheid, with that added, do you agree that I have accurately given the elements of the offense and the consequences of pleading guilty?

MR. HUNDSCHEID: I do, Your Honor.

THE COURT: Ms. Wallace, do you agree that I have accurately given the elements of the offense and consequence of pleading guilty?

MS. WALLACE: I do, Your Honor.

THE COURT: All right. Mr. Tran, first of all, you understand you will not get your sentence today, correct?

THE DEFENDANT: Yeah, I do.

THE COURT: All right. Have you had an opportunity to talk to Ms. Wallace generally about how sentencing and the

sentencing guidelines work?

THE DEFENDANT: I am familiar.

THE COURT: Very good. So you understand that at some point in the future between now and sentencing, we are all going to see a presentence report, and you will get a chance to look through it; and if you disagree with any of it, then you and Ms. Wallace can file an objection to it?

THE DEFENDANT: I do.

THE COURT: Do you also understand that that report is going to recommend a range of sentence for me to impose? Do you understand that?

THE DEFENDANT: Yeah.

THE COURT: Do you understand that I may impose a sentence that is outside of that range, and it could be different than any estimate that Ms. Wallace gives you?

THE DEFENDANT: I understand.

THE COURT: Do you understand that if I do that, in other words, if I sentence you to a different amount than Ms. Wallace thinks that I will or recommends that I will, even a different sentence than the government recommends, you cannot take your guilty plea back as long as that sentence is within the statutory range?

THE DEFENDANT: I understand.

THE COURT: Okay. Do you understand that if you do get a prison sentence, you will not get out early on parole

because the federal courts have abolished parole?

THE DEFENDANT: I understand.

THE COURT: Okay. All right. Mr. Tran, do you understand what the charge is against you and the consequence of pleading guilty to it?

THE DEFENDANT: Yeah, I do.

THE COURT: Okay. All right. Like I told you at the beginning, you are allowed to plead guilty today, but before I can accept your guilty plea, the rules require the attorneys for both sides to disclose the terms of any plea agreement. Again, they have done so. We have looked at the two plea agreement documents already, but there are some follow-up questions I have. The first is for Mr. Hundscheid.

Are all of the terms of the agreement between the government and Mr. Tran contained in those two documents?

MR. HUNDSCHEID: Yes, Your Honor.

THE COURT: Ms. Wallace, do you agree that those two documents contain all of the terms of the agreement between the parties?

MS. WALLACE: I do, Your Honor.

THE COURT: All right. On pages 2 through 13 of what I call "the general" or "the primary plea agreement," there's a statement of stipulated facts.

Mr. Tran, that just means the facts that you agree the government could prove if we went to trial.

Ms. Wallace, do you agree that if the government proved those facts, it could meet each of the essential elements of Count 1?

MS. WALLACE: Yes, Your Honor, I do.

THE COURT: All right. Do you agree to waive the reading of those into the record today?

MS. WALLACE: Yes, sir.

THE COURT: All right. I have also read the stipulated facts and agree that if the government could prove them, they could meet the essential elements of the offense, and I do accept the waiver at this time.

All right. Mr. Tran, one of the terms of the plea agreement is the government is going to recommend a particular sentence.

Do you understand that?

THE DEFENDANT: Yeah, I do.

THE COURT: Do you also understand that I don't have to follow the government's recommendation, and if I don't, that you still would not be able to take your guilty plea back?

THE DEFENDANT: I understand.

THE COURT: Okay. Other than the terms of the plea agreement -- and that is the two documents combined -- has anybody promised you anything to get you to plead guilty today?

THE DEFENDANT: No.

THE COURT: Have you been threatened or coerced by anybody to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty because you are in fact guilty of Count 1?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Hundscheid, is the government satisfied that Mr. Tran fully understands the charge against him and the consequence of pleading guilty to it?

MR. HUNDSCHEID: I am, Your Honor.

THE COURT: Are you also satisfied he is knowingly and voluntarily pleading guilty?

MR. HUNDSCHEID: Yes, Your Honor.

THE COURT: Ms. Wallace, are you satisfied that Mr. Tran fully understands the charge against him and the consequence of pleading guilty to it?

MS. WALLACE: Yes, Your Honor.

THE COURT: Are you also satisfied that he is knowingly and voluntarily pleading guilty?

MS. WALLACE: Yes, sir.

THE COURT: All right. Mr. Tran, just one last time: You understand that you are not required to plead guilty today, correct?

THE DEFENDANT: I understand.

THE COURT: And if you told me right now that you want to go to trial, I would bring in a jury, and we would let them decide if the government could prove its case? Do you understand that?

THE DEFENDANT: I understand.

THE COURT: Have you heard anything here today that's made you change your mind about pleading guilty?

THE DEFENDANT: No.

THE COURT: Do you understand everything we have gone over today?

THE DEFENDANT: Yeah.

THE COURT: All right. Mr. Hundscheid, does the government know any reason I should not allow Mr. Tran to plead guilty?

MR. HUNDSCHEID: No, Your Honor.

THE COURT: Ms. Wallace, do you know of any reason?

MS. WALLACE: No, Your Honor.

THE COURT: All right. Mr. Tran, to the offense of conspiring to commit wire and mail fraud as charged in Count 1, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: All right. I find that Mr. Tran is fully competent. I find he is capable of entering an informed plea. I find he is aware of the nature of the charge against

him and the consequence of pleading guilty to it. I find his plea today has been knowing and voluntary and it is supported by an independent basis in fact that contains each of the essential elements of the offense. I, therefore, accept his guilty plea and now judge him to be guilty of Count 1 in the indictment.

Are we looking at April 11, Ms. Ana?

COURTROOM DEPUTY: Yes, sir.

THE COURT: All right. That is Friday, April the 11th -- at what time?

COURTROOM DEPUTY: 9:30.

THE COURT: All right. 9:30 a.m. Central.

Anyone have a conflict with that date that they know of?

MR. HUNDSCHEID: No, Your Honor.

MS. WALLACE: No, Your Honor.

THE COURT: All right. Mr. Hundscheid, Mr. Tran is obviously out on bond presently. Any objection to me allowing him to stay out pending sentencing?

MR. HUNDSCHEID: No, Your Honor.

THE COURT: All right. Mr. Tran, I am going to allow you to stay out of custody pending your sentencing date in April. Just make sure that you continue following all of the conditions of your bond, okay?

THE DEFENDANT: Okay.

THE COURT: All right. I will see everyone back here on Friday, April the 11th.

Ms. Wallace, anything else?

MS. WALLACE: Nothing, Your Honor. Thank you.

THE COURT: Mr. Hundscheid?

MR. HUNDSCHEID: No, Your Honor.

THE COURT: All right. Then we are adjourned.

(Proceedings adjourned at 10:24 a.m.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript to the best of my ability from the record of proceedings in the above-entitled matter.

So certified on this date, May 26, 2026.

Carrie M. Robinson, RMR, CRR, CRI
Federal Official Court Reporter